IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL JOHN HEATH, | : | CIVIL ACTION NO. **1:CV-11-1301** |
| Plaintiff | : | (Chief Judge Kane) |
| v. | : | (Magistrate Judge Blewitt) |
| JEFFREY A. BEARD, et al., | : | |
| Defendants | : | |

### **REPORT AND RECOMMENDATION**

**I. Background.**

On July 13, 2011, Plaintiff Paul John Heath, a former inmate at the State Correctional Institution at Dallas, ("SCI-Dallas"), Dallas, Pennsylvania, in the Middle District of Pennsylvania, filed, *pro se,* this civil rights action, indicating that it was brought pursuant to 42 U.S.C. §1983 and 28 U.S.C. § 1331, *Bivens*.[1] (Doc. 1, p. 1). Plaintiff's Complaint consists of a form civil rights complaint with an attached 3-paragraph, unsigned hand-written Motion for Appointment of Counsel and an exhibit, along with a 5-page hand-written statement of claim and claim for relief.[2]

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971). Plaintiff incorrectly indicates that his case, was in part, filed against federal officials under 28 U.S.C. §1331, *i.e.* a *Bivens* action. However, Plaintiff does not seek monetary damages from **federal** officials for alleged violations of his constitutional rights. *See Oriakhi v. Wood*, 2006 WL 859543, * 1, n. 1 (M.D. Pa.); *Conway v. Lindsay*, 2009 WL 1956282 (M.D. Pa.). (Doc. 1, p. 1). Rather, Plaintiff seeks, in part, monetary damages from **state** officials for alleged violations of his constitutional rights. Thus, as discussed below, his case is only a §1983 civil rights action and not jointly a *Bivens* action.

[2] The Clerk of Court erroneously docketed Plaintiff's Motion for Appointment of Counsel as part of his Complaint, Doc. 1, pp. 5-6. However, we have directed the Clerk to remove Plaintiff's Motion for Appointment of Counsel from his Complaint and to file Plaintiff's stated

Plaintiff states that he was released from SCI-Dallas on June 28, 2009, when he "maxed out on [his] prison sentence." (Doc. 1, p. 10). Plaintiff states that he currently resides at 4941 North 8th Street, Philadelphia, PA, 19120. (Doc. 1, p. 1).[3]

On July 29, 2011, Plaintiff Heath filed a Motion for Leave to Proceed *In Forma Pauperis* stating that he receives Social Security disability in the amount of $674.00 per month. Plaintiff also indicates that he has no employment, no other money or accounts, and no assets, including real and personal property. **(Doc. 5).** We will recommend that the Court grant Plaintiff's Motion for Leave to Proceed *In Forma Pauperis.* (Doc. 5).

As stated, Plaintiff also filed a Motion for Appointment of Counsel with his Complaint. (Doc. 6). We will recommend that Plaintiff's Motion for Appointment of Counsel be denied as moot since all of his instant § 1983 claims are clearly time barred. Thus, we do not address the *Tabron*[4] factors since Plaintiff's claims are all time barred, and we find no need for the Court to appoint him counsel.

---

Motion as a separate docket entry, namely, Doc. 6. Plaintiff states that due to his "mental impairment [he] is unable to file his civil action" and that he is "a[n] American with mental disability, and it would be impossible for me to litigate my claims." (Doc. 6). Plaintiff also attached a copy of an ALJ's decision from his Social Security disability claim in which the ALJ found Plaintiff to have severe mental impairments of psychotic disorder and paranoid personality disorder. Plaintiff indicates that he was awarded Social Security disability income due to his severe mental impairments and that he receives $674.00 a month. (Doc. 5).

[3]Plaintiff Heath filed a previous §1983 civil rights action with this Court when he was confined at SCI-Dallas. *See Heath v. Beard,* Civil No. 08-0933, M.D. Pa. The Court granted the Motions to Dismiss of the remaining Defendants and closed Plaintiff's Civil No. 08-0933 case on September 17, 2009.

[4]*See Tabron v. Grace,* 6 F.3d 147, 155 (3d Cir.1993).

This Court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1343(a).

Plaintiff names the following three (3) Defendants in his Complaint: PA Department of Corrections ("DOC") Secretary Jeffrey A. Beard; SCI-Dallas Superintendent James Wynder; and SCI-Dallas Deputy Superintendent Grady. (Doc. 1, pp. 1-2). In his Complaint, Plaintiff does not state if he sues all three (3) Defendants in their individual and/or official capacities. (Doc. 1, p. 2). 5).[5]

In his Complaint, Plaintiff states that he filed grievances and he seems to indicate that he fully exhausted the DOC administrative remedy process for some of his instant claims but not for others. He also indicates that the results of his grievances was "no comply," and that he "was in fear for [his] life and being retaliated against every time that [he] filed grievances." (Doc. 1, p. 2).[6]

---

[5]As stated above, Plaintiff does not state if he sues Defendants in their official and/or personal capacities. We note that insofar as Plaintiff seeks monetary damages against Defendants, Plaintiff can only sue them in their individual or personal capacities. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Meekins v. Beard*, 2007 WL 675358, *3 (M.D. Pa.); *Atwell v. Schweiker*, 2007 WL 2900565 (3d Cir. 2007) (Non-Precedential). Thus, any claims for monetary damages against Defendants in their official capacities should be dismissed.

[6]Plaintiff must exhaust his administrative remedies prior to filing a civil rights suit. *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004); *Woodford v. Ngo*, 126 S.Ct. 2378 (2006). In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including civil rights actions or actions brought pursuant to any other federal law. The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id*. However, Defendants have the burden to plead exhaustion as an affirmative defense. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

3

We now screen Plaintiff's Complaint.

## II. Allegations of Complaint.

Plaintiff alleges that when he was incarcerated in SCI-Dallas, he was denied protective custody, he suffered ongoing abuse, his ribs were broken, his front tooth was knocked out, his food was contaminated, and he spent several years in a solitary isolation cell in the RHU without any food, bed or water. (Doc. 1, p. 2). As mentioned, Plaintiff admits that he was released from confinement at SCI-Dallas on June 28, 2009, when he served the maximum time of his prison sentence. (*Id*., p. 8).[7] Plaintiff alleges that Defendants were responsible "for seeing to it that [he was] safe and secure in [his] persons (sic)" during his confinement at SCI-Dallas. (*Id*., p. 3).

Plaintiff's specific claims commence on December 14, 2003, when he alleges that he was assaulted by unidentifiable individuals and received broken ribs. Plaintiff avers that as a result, the prison security officer wrote up an incident report and placed him on administrative custody in the RHU. Plaintiff alleges that he asked for protective custody and that the prison guards failed to intervene to stop the assault on him. (*Id*., p. 5). Plaintiff's first claim is an Eighth Amendment failure to protect claim, and it accrued on December 14, 2003.

Plaintiff's second claim also accrued on December 14, 2003, when he was allegedly placed in the psychiatric observation cell, stripped of all his clothes and left to sleep on a concrete floor.

---

[7]We also take judicial notice from Plaintiff's Civil No. 08-0933 case that the mail sent to Plaintiff at SCI-Dallas containing the Court's closing Order dated September 17, 2009, was returned as undeliverable since Plaintiff was no longer at SCI-Dallas and his prison sentence was completed. Further, the ALJ in his decision in Plaintiff's Social Security case, which was attached to Plaintiff's Motion for Appointment of Counsel, stated that Plaintiff was released from prison in 2009. (Doc.6, p. 2).

(*Id*.).  Plaintiff states that he filed a grievance and requested protective custody, and that on February 17, 2004, Defendant Grady responded and stated that there was no medical report that Plaintiff's ribs were broken despite the fact that there was such a report.  Plaintiff also states that he filed several grievances and wrote letters to Defendant Beard explaining his need for protective custody, and that Beard did not respond.  (*Id*.).  This is an Eighth Amendment conditions of confinement claim.

As his third claim, Plaintiff states that after the assault incident, he was given a misconduct report and sanctioned "to serve whole time" since he refused to go back to general population in fear for his life.  Plaintiff avers that he continued to request protective custody and that he received another misconduct report and sanction.  (*Id*.).  We find that Plaintiff's third claim is a failure to protect claim.

Next, Plaintiff avers that on June 3, 2004, he was placed on "self confinement" without any protection, and "just placed in a[n] isolated cell."  (*Id*., p. 6).  Plaintiff states that when he was on self confinement, his food trays were continually contaminated and that his food tasted like urine and smelled like feces.  He alleges that he complained about his food and that after he ate his meals, he fainted and fell to the floor, he had rashes which caused scar tissue, and he became incoherent.  Plaintiff also avers that he was repeatedly not feed for days.  Plaintiff states that he filed a grievance on October 24, 2004, and that Defendant Wynder denied his request.  (*Id*.).  We find that this is an Eighth Amendment conditions of confinement claim.

Plaintiff further alleges that he continued to complain and filed a grievance on September 8, 2004, about his fear for his life, and that he requested a medical exam and an exam of his food.

Plaintiff states that the response was inadequate and no testing of his food was performed. Plaintiff avers that on August 26, 2004, the Program Review Committee ("PRC") at the prison said that the security office would let him file charges about the assault on him. However, Plaintiff states that the security office never did so. Plaintiff alleges that he wrote to Defendant Wynder on September 7, 2004, and that his grievance was sent to Lt. Bleich and denied. (*Id*.). This appears to be another failure to protect claim.

Plaintiff alleges that in 2005, he was denied all outside contacts and that falsified misconduct reports were issued against him. Plaintiff also alleges that he was kept locked in the RHU on isolation for a period of years, that his furniture was removed from his cell, his water was turned off, and that he was denied food trays for days. (*Id*.) We find that this is another conditions of confinement claim.

Plaintiff avers that on April 9, 2005, his food was poisoned and that he felt sharp pains in his stomach after he ate it, and that he was denied medical treatment. (*Id*., p. 7). This is an Eighth Amendment claim of denial of proper medical care.

Plaintiff alleges that on October 27, 2006, he complained about food contamination and continued to request protective custody. He avers that his grievance was denied on October 28, 2006. This is also an Eighth Amendment claim.

Plaintiff states that in 2007, he was coerced into going back to general population after being in the RHU for years, and that he was assaulted again which resulted in his front tooth being knocked out. He states that a misconduct report was filed on October 18, 2007, seemingly against him, and he states that he filed a grievance. Plaintiff avers that he filed an appeal of the misconduct

report and that he filed a grievance about the failure of staff to respond to his appeal. Plaintiff states that he was then sanctioned to restricted isolation time and turned over to administrative custody to be transferred to a mental health hospital. (*Id*.). This claim is another failure to protect claim.

Finally, Plaintiff avers that on April 16, 2009, CO Miller threatened to fight him and that when he reported the threat to security, he was placed on administrative custody. Plaintiff states that the PRC found that Miller did not threaten to actually harm him.

Plaintiff states that he was released from confinement at SCI-Dallas on June 28, 2009. (*Id*., p. 8). As stated, Plaintiff now resides in Philadelphia, Pennsylvania.

As relief, Plaintiff seeks declaratory judgment and compensatory damages in the amount of $25 million against each Defendant. (*Id*., p. 9).

### III.  Screening Plaintiff's Complaint.

As stated, the Plaintiff has filed a Motion to proceed *in forma pauperis*. (Doc. 5). Also as mentioned, we will recommend, based on Plaintiff's financial information, that the Court, in its discretion, grant Plaintiff's *in forma pauperis* Motion.

Since we will recommend that Plaintiff's Motion to Proceed *in forma pauperis* be granted, we are obliged to screen Plaintiff's pleading under 28 U.S.C. §1915(e). As the Court stated in *O'Connell v. Sobina*, 2008 WL 144199, *3 (W.D. Pa.), "Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a Defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)."

In *Palencar v. Cobler Realty Advisors*, Civil No. 09-0325, M.D. Pa., 7-24-09 slip op. pp. 5-6, the Court stated:

> Once it has been decided that a plaintiff should be accorded *in forma pauperis* status, the court then considers whether the complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B). *Douris v. Huff*, 2008 U.S. App. LEXIS 467, 469 (3d Cir. 2007); *see also Douris v. Newtown Borough, Inc.* 207 Fed.Appx. 242 (3d Cir. 2006). Section 1915(e)(2) provides:
>
> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal  - -
>         (i)    is frivolous or malicious;
>         (ii)   fails to state a claim on which relief may be granted; or
>         (iii)  seeks monetary relief against a defendant who is immune from such relief.
>
> 28 U.S.C. § 1915(e)(2). This statute "is designed largely to discourage the filing of, and waste of, judicial and private resources upon baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (stating that "[dismissals on these grounds are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering [frivolous] complaints"). While the original statute permitted sua sponte dismissal only if an action was frivolous or malicious, Congress included failure to state a claim and seeking monetary relief from a defendant immune from suit as additional grounds for sua sponte dismissal of *in forma pauperis* cases. *Jones v. Bock*, 127 S.Ct. 910, 920, 166 L.Ed.2d 798 (2007); § 1915(e)(2)(B) (2000 ed.); 28 U.S.C. § 1915(d)( (1994 ed.).

*See also Wright v. Loftus*, Civil No. 09-1305, M.D. Pa., 11-20-09 Memorandum, p. 4; *Klatch-Maynard v. ENT Surgical Associates*, Civil No. 09-1963, M.D. Pa.

8

Thus, § 1915(e) obligates the Court to engage in a screening process when a person wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See McCain v. Episcopal Hosp.*, 350 Fed.Appx. at 604. Despite the fact that Plaintiff is no longer an inmate, § 1915(e)(2) applies to all *in forma pauperis* complaints, and not just to prisoners. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110, n. 10 (3d Cir. 2002); *Lopez v. Smith*, 203 F. 3d 1122, 1129 (9th Cir. 2000); *Williams v. Marino,* Civil No. 03-0632, M.D. Pa. January 12, 2004, Memorandum and Order, p. 4.

The Court uses the same standard to screen a complaint as it does for a 12(b)(6) motion to dismiss. *See O'Connell v. Sobina*, 2008 WL 144199, *3 (W.D. Pa.); *Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.).

## IV.  Motion to Dismiss Standard.

In  *Reisinger v. Luzerne County*, 2010 WL 1976821, *7 (M.D. Pa.), the Court stated:

The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009).  "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

[D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct.

at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id*. at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
*Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).

**V.  Section 1983 Standard.**

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993); *See McCain v. Episcopal Hosp.*, 350 Fed.Appx. at 604. Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).[8] *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa.); *Slater v. Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa.)(citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa.)("only those who act under color of state law are

---

[8]Plaintiff alleges in his pleading that Defendants are state officials.

liable to suit under section 1983."); *See also Wright v. Loftus*, Civil No. 09-1305, M.D. Pa., 11-20-09 Memorandum, pp. 4-5.

"In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id*. Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id*. As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id*. Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status,

11

without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.[9]

## VI. Discussion.

We find that all of Plaintiff's stated constitutional claims regarding Defendants' alleged conduct from December 2003 through April 2009 are clearly time barred.  As mentioned, it is readily apparent from the face of Plaintiff's Complaint that all of his detailed claims accrued between December 2003 through April 2009.  In fact, Plaintiff was released from SCI-Dallas on June 28, 2009, and he waited over two years thereafter to file this case. Specifically, Plaintiff did not file the instant action until July 13, 2011. (Doc. 1).[10]

We find that, in screening Plaintiff's Complaint under the PLRA, the Court can *sua sponte* dismiss Plaintiff's stated claims since his allegations make clear that these claims are all time barred by the applicable two-year statute of limitations. *See Robinson v. Varano*, Civil No. 10-2131, M.D. Pa. (January 25, 2011 Order)(in screening Plaintiff's Complaint under the PLRA, the Court can *sua sponte* dismiss Plaintiff's action since his allegations make clear that Plaintiff did not exhaust his administrative remedies even though exhaustion is an affirmative defense); *Barnett v. York County*, *supra* (in screening Plaintiff's Complaint under the PLRA, the Court can *sua sponte* dismiss

---

[9]As stated above, it is well settled that personal liability under §1983 cannot be imposed upon a state official based on a theory of *respondeat superior*.  *See Ascenzi v. Diaz,* 2007 WL 1031516, *3 (M.D. Pa.)("supervisory personnel are only liable for the § 1983 violations of their subordinates if they knew of, participated in or acquiesced in such conduct")(citations omitted).
   Also, as noted above, since Plaintiff is suing state actor Defendants for alleged violations of his constitutional rights, his case is a § 1983 civil rights action.

[10]Even though Plaintiff signed his Complaint on June 27, 2011 (Doc. 1, p. 4), we do not use the prison mail box rule for his filing date since he was no longer confined at SCI-Dallas when he filed this case.

Plaintiff's untimely civil right claims since his allegations make clear that Plaintiff did not file claims within 2-year statute of limitations).

In *McPherson v. U.S.*, 2010 WL 3446879, *3-*4, 392 Fed.Appx. 938, 942-943 (3d Cir. 9-2-10), the Third Circuit recently stated:

> McPherson argues that the District Court's dismissal of his complaint as time-barred was wrong on both procedural and substantive grounds. As a procedural matter, McPherson contends that *sua sponte* dismissal on statute of limitations grounds is inconsistent with our holding in *Ray v. Kertes,* 285 F.3d 287 (3d Cir.2002). On substantive grounds, McPherson contends, without substantiation, that equitable tolling may allow him to pursue this action long after the limitations period otherwise expired.
>
> *Ray* concerned a provision of the Prison Litigation Reform Act ("PLRA") that states that "[n]o action shall be brought with respect to prison conditions ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). While recognizing that the statute clearly requires plaintiffs to exhaust their administrative remedies, we rejected a pleading rule that would have required a complaint to allege facts demonstrating exhaustion. Rather, we held that "failure to exhaust is an affirmative defense to be pleaded by the defendant." *Ray,* 285 F.3d at 295.
>
> We also found that the court below erred in *sua sponte* dismissing a complaint that
> did not demonstrate that the plaintiff exhausted administrative remedies. *Id.* We relied primarily on the text of § 1997e, which provides for *sua sponte* dismissal if a complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *Ray,* 285 F.3d at 296 (citing 42 U.S.C. § 1997e(c)(1)). We also noted that the statute explicitly allows a court to dismiss a complaint without first requiring the exhaustion of administrative remedies." *Id.* (citing 42 U.S.C. § 1997e(c)(2)). We concluded, under the principle of *expressio unius est exclusio alterius,* that the omission of "failure to exhaust" from the grounds for *sua sponte* dismissal indicated Congressional intent not to include failure to exhaust as a reason justifying dismissal. *Id.*
>
> McPherson argues that *Ray* stands for the general proposition that a court may not *sua sponte* dismiss a complaint on the basis of *any* affirmative defense,

13

including the statute of limitations. To be sure, a limitations defense is an affirmative defense. *See Robinson v. Johnson,* 313 F.3d 128, 135 (3d Cir.2002). *Ray,* however, does not go as far as McPherson claims. This Court has long recognized that the statute of limitations can serve as the basis for dismissal under Fed.R.Civ.P. 12(b)(6), as long as "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations."*Bethel v. Jendoco Const. Corp.,* 570 F.2d 1168, 1174 (3d Cir.1978) (internal quotation marks omitted). **This principle is consistent with our observation in *Ray* that, "[a]s a general proposition, sua sponte dismissal is inappropriate unless the basis is apparent from the face of the complaint." *Ray,* 285 F.3d at 297. Ray's failure to exhaust was not apparent from the face of his complaint, so *sua sponte* dismissal was not appropriate.**

The fact that a claim has not been brought within the statue of limitations, however, may be apparent from the face of a complaint. The United States Supreme Court, while agreeing that failure to exhaust under the PLRA is an affirmative defense and that plaintiffs need not demonstrate exhaustion in their complaints to survive dismissal, nonetheless recognized that a court may dismiss a complaint for failing to state a claim when its allegations show that the complaint is not timely. The Court noted that "[i]f the allegations ... show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to make a claim; that does not make the statute of limitations any less an affirmative defense." *Jones v. Bock,* 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). The factual allegations in the complaint, not the label of "affirmative defense," control the court's decision whether to dismiss the suit. "Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract." *Id.*

Failure to exhaust and the statute of limitations are similar "in the abstract": they are both affirmative defenses. But, a court may nonetheless dismiss a suit for failing to state a claim when the limitations defense is obvious from the face of the complaint. We see no reason why a district court, when screening a complaint pursuant to the PLRA, may not *sua sponte* dismiss a suit whose allegations make clear that the action is not timely. Indeed, other Courts of Appeals have recognized that dismissal under these circumstances is appropriate. *See, e.g., Fogle v. Pierson,* 435 F.3d 1252, 1258 (10th Cir.2006); *Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir.2001); *Nasim v. Warden, Maryland House of Corr.,* 64 F.3d 951, 956 (4th Cir.1995) (en banc); *Pino v. Ryan,* 49 F.3d 51,

> 53-54 (2d Cir.1995).FN4 We agree that when a statute-of-limitations defense is apparent from the face of the complaint, a court may sua sponte dismiss the complaint pursuant to 28 U.S.C. § 1915 or 28 U.S.C. § 1915A.

(Emphasis added).

Thus, based on *McPherson and Robinson*, as well as *Barnett*, even though the statute of limitations is an affirmative defense, dismissal of Plaintiff Heath's present constitutional claims regarding Defendants' alleged conduct from December 2003 through April 2009 are all clearly time barred. There is a 2-year statute of limitations with respect to a §1983 civil rights action filed in Pennsylvania. The law is clear that §1983 claims in Pennsylvania are subject to a two-year statute of limitations. *See Bougher v. University of Pittsburgh*, 882 F. 2d 74, 78-79 (3d Cir. 1989); *Fitzgerald v. Larson*, 769 F. 2d 160, 162 (3d Cir. 1985); *Martin v. Red Lion Police Dept.*, Civil No. 00-16122, M.D. Pa. (October 26, 2004 Memorandum), pp. 5-6; *Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051, *8 (M.D. Pa.); *Mattis v. Dohman*, 260 Fed. Appx. 458, 461, n. 3(citations omitted). Further, under Pennsylvania's discovery rule, the statute of limitations begins to run when the Plaintiff discovered his injury or, in the exercise of reasonable diligence, should have discovered his injury. *Doe v. Kohn, Nast & Graf, P.C.*, 866 F. Supp. 190 (E.D. Pa. 1994); *Beattie, supra; McPherson,* 392 Fed.Appx. at 944. It is abundantly clear in the present case, and readily apparent from Plaintiff's pleading that he discovered, or should have discovered, his Eighth Amendment claims regarding Defendants' alleged conduct in December 2003 through April 2009, at the time they arose. Dismissal of Plaintiff's stated claims is proper since his failure to timely file his case is abundantly clear from the face of his Complaint. *See McPherson,* 392 Fed.Appx. at 943-944. Also, we find no basis for equitable tolling in this case since Plaintiff clearly

has not exercised reasonable diligence in advancing his instant constitutional claims. *Id*. at 944-945. In fact, as stated, Plaintiff waited over two years after he was released from confinement at SCI-Dallas before he filed this action.

Therefore, we will recommend that all of Plaintiff's claims against Defendants be dismissed with prejudice since they are clearly time barred.

## VII. Recommendation.

Based on the above, it is respectfully recommended that the Court grant Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. **(Doc. 5)**. Additionally, it is recommended that Plaintiff's Motion for Appointment of Counsel **(Doc. 6)** be denied as moot. Further, since all of the claims Plaintiff asserts against Defendants Beard, Wynder and Grady occurred between December 2003 and April 2009, and since all of Plaintiff's claims are time barred, it is recommended that these three Defendants be dismissed with prejudice. Finally, it is recommended that the Court close Plaintiff's case.

> **s/ Thomas M. Blewitt**
> **THOMAS M. BLEWITT**
> **United States Magistrate Judge**

**Dated: August 9, 2011**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL JOHN HEATH, | : | CIVIL ACTION NO. **1:CV-11-1301** |
| Plaintiff | : | (Chief Judge Kane) |
| v. | : | (Magistrate Judge Blewitt) |
| JEFFREY A. BEARD, et al., | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **August 9, 2011.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                          s/ Thomas M. Blewitt
                                                          **THOMAS M. BLEWITT**
                                                          **United States Magistrate Judge**

**Dated: August 9, 2011**